IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| BOBBY LEE DAVIS, | CV. 05-185-HA |
| Plaintiff, | ORDER |
| v. | |
| ANTHONY CHRISTENSON, DAN NORDSTROM, DOUG JUSTUS, and H.S. VERNELSON, | |
| Defendants. | |

HAGGERTY, District Judge.

This action comes before the court on defendant Nordstrom's Unenumerated 12(B) Motion to Dismiss which is based on plaintiff's alleged failure to exhaust his administrative remedies with respect to two of his grounds for relief. For the reasons which follow, the Motion to Dismiss [11] is denied.

### **STANDARDS**

42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 or this title, or any other Federal law, by a prisoner confined in any

1 - ORDER

jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "[T]he exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 122 S. Ct. 983, 991 (2002).

Section 1997e(a) does not impose a pleading requirement, but is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). In order to meet this burden, Defendants must show that further administrative remedies are available to Plaintiff. Brown v. Valoff, 422 F.3d 926, 936-37 (9th Cir. 2005). Unlike habeas corpus jurisprudence, there is no procedural default element to exhaustion in the § 1983 context, therefore an inmate who is unable to avail himself of all levels of administrative review because he has missed a deadline is still deemed to have exhausted his remedies. Ngo v. Woodford, 403 F.3d 620, 625 (9th Cir. 2005), cert. granted, 126 S.Ct. 647 (2005).

## DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 and raises the following claims:

1. In June of 2004, defendant Nordstrom intercepted a letter plaintiff sent to a friend from the Multnomah County Jail. Nordstrom provided copies of this letter to defendant CHRISTENDOM, a police officer investigating a criminal case against plaintiff, who attempted to utilize

>     the letter to influence a potential witness in
>     plaintiff's case in violation of the First Amendment.
>
> 2.  Between the months of June and July, 2004, defendants
>     Nordstrom and CHRISTENDOM intercepted plaintiff's mail
>     without due process, causing the mail to be censored in
>     violation of his rights under the Fourteenth Amendment.
>
> 3.  On April 24, 2003, defendant JUSTES ignored plaintiff's
>     request for a lawyer during interrogation, and proceeded
>     to punch and choke plaintiff in violation of his rights
>     under the Sixth and Eighth Amendments.

Defendant Nordstrom asserts that plaintiff failed to exhaust his available administrative remedies with respect to his first two claims because he did not appeal the denial of his initial grievance as required by the 2002 edition of the Inmate Manual for the Multnomah County Inverness Jail. He provides the Affidavit of Jacqueline Stout [13] to support this contention, and plaintiff does not argue otherwise.

Plaintiff filed his grievance on January 19, 2005, and it appears that prison officials denied the grievance the following day. Stout Affidavit, Exhibit 4. According to the 2002 Inmate Manual which governs this case, plaintiff was allowed only five days in which to file an administrative appeal of the decision denying his initial grievance. Stout Affidavit, Exhibit 1, p. 6. Because plaintiff is no longer entitled to file an appeal, he is deemed to have exhausted his administrative remedies in this case. See Ngo, 403 F.3d at 625. Accordingly, the Motion to Dismiss for lack of exhaustion is denied.

In his response to the Motion to Dismiss, plaintiff argues that he does not seek to challenge the conditions at the Jail, "but is complaining that defendant NORDSTROM worked in collusion with the detectives in his criminal case to use information gained from plaintiff's outgoing mail to coerce or attempt to coerce others to give evidence against the plaintiff or to turn potential witnesses against plaintiff." Response [15], p. 1. This prompts defendant Nordstrom to seek dismissal of these claims because plaintiff is attempting to challenge the investigative methods used against him in his criminal case in violation of the rule announced in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (to recover damages for harm caused by actions whose unlawfulness would render a conviction invalid, plaintiff must prove that the conviction has been reversed or otherwise invalidated).

According to plaintiff, his conviction would be completely unaffected by any success he may have on the merits of these claims. "The actions alleged in the Complaint deal with the violations of plaintiff's constitutional, civil and legal rights by the defendants in their unsuccessful efforts to create more evidence. They were unsuccessful in their attempts to create more evidence but [were] successful in violating such rights as they are sworn to uphold." Response [17], pp. 1-2.

In the context of a motion to dismiss, the court must draw all reasonable inferences in favor of the nonmoving party. Usher v.

City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). As plaintiff represents that defendants were unsuccessful in their attempts to create any evidence against him, any success by plaintiff in this case based on the allegedly unconstitutional interference with his mail would not imply the invalidity of his conviction. Accordingly, defendant Nordstrom's request for dismissal based on the rule announced in Heck is denied.

## CONCLUSION

Defendant Nordstrom's Unenumerated 12(B) Motion to Dismiss [11] is DENIED. The discovery and pretrial dispositive motion deadline is reset to March 15, 2006.

IT IS SO ORDERED.

DATED this  13   day of January, 2006.

                                 /s/Ancer L.Haggerty   
                              Ancer L. Haggerty  
                              United States District Judge