```
                  IN THE UNITED STATES DISTRICT COURT

                       FOR THE DISTRICT OF OREGON

BOBBY LEE DAVIS,                )
                                )    Civil No. 05-185-HA
          Plaintiff,            )
                                )
     v.                         )
                                )
ANTHONY CHRISTENSON, DAN        )    OPINION AND ORDER
NORDSTROM, DOUG JUSTUS, and     )
H.S. VERNELSON,                 )
                                )
          Defendants.           )
```

HAGGERTY, District Judge.

Plaintiff, an inmate at the Snake River Correctional Institution, filed this 42 U.S.C. § 1983 civil rights action on February 8, 2005. In his Complaint, he raises two claims which implicate defendant Daniel Nordstrom:

> 1. In June of 2004, Nordstrom intercepted a letter plaintiff sent to a friend from the Multnomah County Jail. Nordstrom provided copies of this letter to defendant Christenson, a police officer investigating a criminal case against plaintiff, who attempted to utilize the

1 - OPINION AND ORDER

>     letter to influence a potential witness in plaintiff's
>     case in violation of the First Amendment.
>
> 2.  Between the months of June and July, 2004, defendants
>     Nordstrom and Christenson intercepted plaintiff's mail
>     without due process, causing the mail to be censored in
>     violation of his rights under the Fourteenth Amendment.

Complaint [2], pp. 3-4.

Defendant Nordstrom now moves for summary judgment. Specifically, he contends that he is entitled to summary judgment on both of these claims because: (1) he was not in a position to intercept plaintiff's mail during the time in question; and (2) even if he had intercepted plaintiff's mail, he is entitled to judgment as a matter of law because he is qualifiedly immune from liability.

## STANDARDS

A party is entitled to summary judgment where the documentary evidence produced by the parties permits only one conclusion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). A party seeking summary judgment bears the initial responsibility of informing the court of the basis of its motion, and "identifying those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)(internal citation omitted).

2 - OPINION AND ORDER

"If the moving party meets its initial burden of showing 'the absence of a material and triable issue of fact,' 'the burden then moves to the opposing party, who must present significant probative evidence tending to support its claim or defense.'" Intel Corp. v. Hartford Acc. & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991)(quoting Richards v. Neilsen Freight Lines, 810 F.2d 898, 902 (9th Cir. 1987)). Plaintiff "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Industrial Co. v. Zenith Radio, 475 U.S. 574, 586 (1986). Rather, he must come forward with sufficient evidence demonstrating to the court that there are genuine issues of material fact to be decided at trial. Fed. R. Civ. P. 56(e).

Plaintiff may not simply rely upon the pleadings to designate specific facts establishing a genuine issue for trial. Celotex Corp., 477 U.S. at 324. The existence of a genuine issue of material fact may be demonstrated through the use of affidavits, depositions, answers to interrogatories, and admissions. Id; see also Fed. R. Civ. P. 56(c). If "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Matsushita, 475 U.S. at 587 (internal citation omitted).

## DISCUSSION

Defendant Nordstrom has filed a sworn declaration in support of his Motion for Summary Judgment. Plaintiff has not controverted

3 - OPINION AND ORDER

defendant Nordstrom's Declaration, nor has he otherwise responded to the pending Motion for Summary Judgment.

In his Complaint, plaintiff alleges that Defendant Nordstrom intercepted his mail in Nordstrom's capacity as one "who inspects mail for the safety and security of the jail." Complaint [2], p. 3. Nordstrom declares that the Intelligence Deputy is the person responsible for inspecting incoming and outgoing mail at all Multnomah County facilities, including the Multnomah County Detention Center where plaintiff resided during the alleged constitutional deprivations. Declaration of Daniel Nordstrom, p. 2. According to Nordstrom, he did not assume the duties of the Intelligence Deputy within the Facilities Services Unit of the Sheriff's Office until September 13, 2004, nearly two months after plaintiff claims his mail was unlawfully intercepted. Id at 1.

Although plaintiff alleges in his Complaint that defendant Nordstrom was responsible for the seizure of his mail in June and July of 2004, he cannot simply rely on these allegations to create a genuine issue of material fact. See Celotex Corp., 477 U.S. at 324. As plaintiff has produced no evidence to controvert the contents of the Nordstrom Declaration, the court concludes that defendant Nordstrom was not yet working as the Intelligence Deputy responsible for inspecting inmate mail at the time plaintiff alleges he suffered a constitutional deprivation.

4 - OPINION AND ORDER

Because defendant Nordstrom was not in a position to intercept plaintiff's mail during the time in question, a jury could not reasonably conclude that he had done so. Defendant Nordstrom is therefore entitled to Summary Judgment.[1]

## CONCLUSION

Defendant Nordstrom's Motion for Summary Judgment [25] is GRANTED. All claims against this defendant are DISMISSED, with prejudice.

IT IS SO ORDERED.

DATED this ___1___ day of August, 2006.

                                    /s/Ancer L.Haggerty
                                    Ancer L. Haggerty
                                    United States District Judge

---

[1] Because the court concludes that defendant Nordstrom is entitled to Summary Judgment on this basis, it need not address the issue of qualified immunity.

5 - OPINION AND ORDER